## Richmond

BETTY H. OLIVER v. CHARLES W. GIVENS, JR., TRUSTEE IN BANK-
RUPTCY FOR WILLIS LEE OLIVER, BANKRUPT.

March 4, 1963.

Record No. 5547.

Present, All the Justices.

The opinion states the case.

*George D. Bowles,* for the plaintiff in error.

*Linwood E. Toombs,* for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Charles W. Givens, Jr., trustee in bankruptcy for Willis Lee
Oliver, bankrupt, filed an amended motion for judgment against
Betty H. Oliver, the wife of Willis Lee Oliver, seeking to recover
one-half of the net proceeds of the sale of certain real estate which

the Olivers had owned as tenants by the entireties. It was alleged that the sale of the property was within twelve months of the date of the filing of the petition in bankruptcy; that the entire proceeds had been paid to the wife; and that the payment to her of the husband's one-half interest therein was a fraud on his creditors and should be set aside and the husband's share paid to the trustee.

In her pleadings the defendant wife took the position that the real estate owned by her and her husband as tenants by the entireties was a valid estate, free of her husband's debts; that the proceeds of the sale of the property were of the same character, and that, therefore, the trustee in bankruptcy had no interest therein.

In a written opinion the lower court held that the tenancy by the entirety of the husband and wife in the real estate was terminated by the sale and conveyance of the property; that they became "tenants in common" in the net proceeds of the sale, each owning one-half thereof; that the husband's share was subject to his debts; and that, if the allegations in the motion for judgment be true, the trustee in bankruptcy was entitled to a judgment against the wife for the amount of the husband's share which had come into her hands. After this preliminary contention of the defendant wife had thus been disposed of, there was a trial by a jury which resulted in a judgment in favor of the trustee against the wife for the sum of $4,122.44, one-half of the net proceeds, and from that judgment the defendant wife has appealed.

The only assignments of error which we need consider challenge the correctness of the lower court's rulings that, (1) the net proceeds of the sale of the real estate were owned by the husband and wife as tenants in common, with the result that the husband's one-half interest therein was subject to his debts and became an asset to which the trustee in bankruptcy was entitled; and (2) the receipt by the wife of the entire net proceeds of the sale constituted a fraudulent conveyance by the husband to her of his interest in such proceeds.

On appeal the appellant wife contends, as she did in the lower court, that the proceeds of the sale of the real estate were owned by her and her husband as tenants by the entireties, that the husband's interest therein was exempt from the claims of his creditors, and that the transfer of his interest therein to her was not in fraud of their rights.

The relevant facts are not in dispute. On October 14, 1954, Willis Lee Oliver and Betty H. Oliver, his wife, purchased certain real

estate in Laurel Glen, Henrico county, Virginia, the title to which was conveyed to the husband and wife "as tenants by the entireties with the right of survivorship as at common law." Subsequently they erected a home on the property.

In 1956 Oliver formed a partnership with his brother and conducted an electrical contracting business until May 17, 1960, when they filed voluntary petitions in bankruptcy and were adjudicated bankrupts. Charles W. Givens, Jr., was duly appointed trustee in bankruptcy for Willis Lee Oliver.

On February 23, 1959, the Olivers contracted to sell the Laurel Glen property to P. E. Spear and wife for the sum of $19,000. This sale was consummated by a deed dated May 29 and recorded on July 1, 1959. Settlement of this transaction was made by the realtor who had negotiated the sale. He testified that the purchasers assumed a mortgage on the property, leaving the sellers, the Olivers, entitled to $10,614.15 in cash. However, simultaneously with the closing of this transaction, the Olivers applied $2,369.47 out of the cash proceeds to the purchase, through the same realtor, of other property, resulting in a net balance of $8,244.68 due to the Olivers. On July 2, 1959, the realtor gave to "Bettie" H. Oliver a check for this latter amount which she deposited to her credit in a local bank.

On the same day, July 2, "Bettie" H. Oliver drew a check on this account for $3,000, payable to "Mrs. J. E. Mitchell," in payment of the purchase price of three acres of land in Hanover county. This transaction was consummated in November, 1959, by a deed from Clara Mae Mitchell and others to "Bettie" H. Oliver.

However, we are not here concerned with whether the trustee in bankruptcy may subject this latter property to the claims of the creditors of Willis Lee Oliver. Our only concern is whether the trustee is entitled to a personal judgment against Betty H. Oliver for what he contends is the husband's share of the net proceeds of the sale of the Laurel Glen property which came into her hands. The determination of this issue turns upon whether the proceeds of the sale of the Laurel Glen property, which the husband and wife owned as tenants by the entireties, were owned by them as tenants in common or as tenants by the entireties. If, as the lower court held, such proceeds were owned by them as tenants in common, then the husband's share therein was subject to the claims of his creditors

and the transfer by him to the wife of that share of the proceeds is subject to attack as a fraud upon the rights of such creditors.[1]

If, on the other hand, the proceeds of the sale, like the property from which they were derived, were owned by the husband and wife as tenants by the entireties, then the husband's interest therein was free of or immune from the claims of his creditors. *Vasilion v. Vasilion*, 192 Va. 735, 740 *ff.*, 66 S. E. 2d 599, 602 *ff.*

There is a conflict of authority as to whether an estate by the entirety can exist in personal property. Some courts take the view that such an estate is peculiar to and exists only in real property and cannot exist in personal property. However, according to the decided weight of authority, such an estate may exist in personal property as well as in realty and is not affected by the Married Women's Acts. 26 Am. Jur., Husband and Wife, § 76, pp. 701, 702; Annotation: 64 A. L. R. 2d, p. 13 *ff.*

According to the majority view, "there is nothing in the character of personal property which precludes ownership of it by the entirety under the modern law, since the foundation of such ownership lies in the fact that in law a husband and wife are, or may be considered to be, one person." When they are deemed to be one person, a conveyance of personalty to, or its acquisition by, them in their joint names "logically vests the entirety in that one, as in the case of a conveyance of land." 64 A. L. R. 2d, at pages 13, 14.

While the question has not been previously presented to this court, we agree with the reasoning of the majority view and hold that in this State personal property as well as realty may be held by a husband and wife as tenants by the entireties. This is in accord with the recent holding in *Moore v. Glotzbach* (D.C.E.D.Va.), 188 F. Supp. 267.

It is true, as the lower court held, that the sale of the real estate which the husband and wife owned as tenants by the entireties terminated such an estate in that property. *Thornton v. Thornton*, 3 Rand. (24 Va.) 179; *Vasilion v. Vasilion, supra*, 192 Va., at page 740, 66 S. E. 2d, at page 602. But it does not follow that an estate by the entireties does not exist in the proceeds of the sale of such property. In those jurisdictions which recognize a tenancy by the entirety in personal property it is almost universally held that, in the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties

---

[1] It is undisputed that at the time of the sale of the Laurel Glen property and the payment of the proceeds to his wife, Willis Lee Oliver was indebted as shown on his schedule in bankruptcy subsequently filed.

are likewise held by the entireties. See 26 Am. Jur., Husband and Wife, § 77, pp. 702, 703. Numerous cases to that effect are found in an annotation in 64 A. L. R. 2d, § 16, p. 47 *ff*. Typical of these are, *Brell* v. *Brell*, 143 Md. 443, 122 A. 635; *Frost* v. *Frost*, 200 Mo. 474, 98 S. W. 527, 118 Am. St. Rep. 689; *Johnson* v. *Johnson*, Mo. App., 268 S. W. 2d 439; *Schwind* v. *O'Halloran*, 346 Mo. 486, 142 S. W. 2d 55; *George* v. *Dutton's Estate*, 94 Vt. 76, 108 A. 515, 8 A. L. R. 1014; *Dodson* v. *National Title Ins. Co.*, 159 Fla. 371, 31 So. 2d 402.

In accordance with the view expressed in these cases, we hold that in the present case the proceeds of the sale of the Laurel Glen property, which the husband and wife had owned as tenants by the entireties, were likewise owned and held by them as tenants by the entireties. That being so, the husband's interest therein was free of or immune from the claims of his creditors. *Vasilion* v. *Vasilion, supra*, 192 Va., at page 740, 66 S. E. 2d, at page 602.

In the *Vasilion* case we held that the gift by the husband to the wife of his interest in real property, held by them as tenants by the entireties, was not in fraud of the rights of the husband's creditors. The same is true in the present case of the gift by the husband to the wife of his interest in the proceeds of the sale of the Laurel Glen property. This is so for the obvious reason that creditors are not prejudiced by a gift of property which is exempt from their claims. See Glenn on Fraudulent Conveyances, 2d Ed., Vol. 1, § 172, p. 313; 24 Am. Jur., Fraudulent Conveyances, § 109, p. 259; 37 C. J. S., Fraudulent Conveyances, §§ 29-a, 30, pp. 875-877.

It follows from what has been said that in the present case the trustee in bankruptcy acquired no rights in the husband's interest in the proceeds of the sale of the Laurel Glen property and was not entitled to recover of the defendant wife a judgment for the husband's share which she had received. Glenn on Fraudulent Conveyances, 2d Ed., Vol. 1, § 149, p. 280.

Accordingly, the judgment is reversed and a final judgment will be here entered in favor of the defendant wife.

*Reversed and final judgment.*