## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

C. P. Smith, etc.

v.

W. R. Baker,
Charlotte L. Baker, et al.

November 23, 1965

Case No. (Chancery) 4596

By JUDGE WALTER A. PAGE

The above-styled chancery cause was brought to subject certain property owned by W. R. Baker and Charlotte L. Baker, husband and wife, held as tenants by entireties with right of survivorship to a lien obtained by the plaintiff by default judgment in this court on February 12, 1964, against the aforementioned defendants on a homestead waiving note. Counsel for these defendants heretofore filed a general denial and demurrer as well as a motion to dismiss, which motions have been overruled by the court. The cause has been duly referred to a Commissioner in Chancery who has filed his report, and is before the court on the exceptions of the defendants, W. R. Baker and Charlotte L. Baker, with regard to the Commissioner's finding that the judgment secured by C. P. Smith against those defendants is a valid lien on the real estate and the exception of the defendant City of Norfolk with reference to the priority of the lien of the City for a sewer assessment against the property. With reference to the latter exception, the City Attorney has withdrawn his exception and, consequently, this is no longer before the court.

In the instant case, W. R. Baker filed a petition in bankruptcy May 22, 1964, and notice was given to the plaintiff, C. P. Smith, of a meeting of the creditors

and the entry of an order fixing the time for the filing of objections to discharge. On June 29, 1964, the Referee in Bankruptcy entered an order of abandonment of the property which is the subject matter of this suit and thereafter this suit was instituted.

Where a tenancy by the entirety in the fee simple is created, the property is completely immune from the claims of creditors against either husband or wife alone. However, it is liable for the joint debts of both spouses and is reachable against them by proper process. *See Vasilion* v. *Vasilion*, 192 Va. 735 (1951); *Oliver* v. *Givens, Trustee*, 204 Va. 123 (1963). It is equally true in Virginia that a discharge in bankruptcy does not discharge the lien of a judgment obtained within four months prior to the adjudication of bankruptcy upon a homestead waiving note upon lands set aside by the bankruptcy court as exempt. *See Dockery* v. *Flanary*, 194 Va. 318 (1952).

In the instant case the Referee in Bankruptcy entered an order of abandonment as heretofore pointed out, and, consequently, the property did not become a part of the bankrupt's estate. The court is of the opinion that this is clearly analogous to exempt property where the homestead exemption has been waived and does not prevent the remedy herein sought. The court further approves and incorporates in this letter by reference the opinion and authorities cited in the report of the Commissioner in Chancery, who reached the same conclusion.

The exceptions to the Commissioner's report filed by the defendants, W. R. Baker and Charlotte L. Baker, are overruled.