## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

First and Merchants National Bank

v.

James D. Carneal, III, and
Tazewell Ellett, t/a Ellett & Co.

January 3, 1968

By JUDGE A. CHRISTIAN COMPTON

This is a garnishment proceeding which seeks to subject a fund of $2,633.36 in the hands of Ellett and Company to the lien of a judgment of this Court dated July 25, 1967, against James D. Carneal, III, in favor of the plaintiff bank in the amount of $4,200.00 with interest plus attorney's fees and costs.

Ellett and Company has answered stating that it holds the fund in the name of Carneal and his wife, which sum will not cover the garnishments and it asks the Court to advise it how the fund in its hands should be distributed so that it can comply with the Court orders. It has been served with another summons in garnishment from the Henrico County Circuit Court based upon a judgment there dated November 15, 1967, against Carneal's wife in the same principal amount plus interest, costs and attorney's fee.

In this Court, the wife has appeared and asserts that the fund in question may not be subjected to the payment of this judgment rendered against the husband individually because the fund held by Ellett and Company is jointly owned by the Carneals as tenants by the entireties, it being the proceeds from the sale of real estate owned by them as tenants by the entireties with the right of survivorship as at common law. *Oliver* v. *Givens, Trustee*, 204 Va. 123 (1963).

The judgment here is based upon two promissory notes given by the husband dated September 3 and September 15, 1966, in the respective amounts of $1,450.00 and $2,750.00. The judgment in Henrico is based upon a guaranty agreement executed by the wife on March 25, 1964, wherein she contracted with the plaintiff to pay such loan s and other obligations of the husband due the plaintiff up to $11,500.00 in the event of the husband's nonpayment of such loans. It is the default of the husband which gave rise to the judgment against the wife upon her guaranty agreement.

A proceeding in garnishment is substantially an action at law by the judgment debtor (Carneal) in the name of the judgment creditor (bank) against the garnishee (Ellett and Company) and therefore the bank here stands on no higher ground than Carneal individually and it can acquire no greater right than such debtor himself possesses. If the evidence establishes that Carneal had the right to demand payment, either in whole or in part, of the realtor for his sole benefit, then the fund in the hands of Ellett and Company may be subjected to the payment of the judgment. If, however, the husband has no right to demand payment, either in whole or in part, of Ellett and Company for his own benefit, then the plaintiff is not entitled to any of the fund. *Lynch v. Johnson*, 196 Va. 516, 521 (1954). See also *Combs v. Hunt*, 140 Va. 627, 631 (1924).

Even though the husband and wife were mutually interested in the separate transactions out of which the two judgments arose, the fact remains that the judgment here is against the husband individually and he has no right by his individual action, to demand payment of any part of the fund for his sole benefit. Moreover, the husband's interest in the fund is free of and immune from the claims of his creditors. *Oliver* case, *supra*, 204 Va. 127. Therefore, the plaintiff, who acquires no greater right than the husband has against Ellett and Company, cannot subject the fund, or any part thereof, to the payment of its judgment rendered in this Court.

Counsel for the plaintiff will please prepare the sketch for the order dismissing the garnishment.