**Ellen O. PITTS, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 90–1709.

United States Court of Appeals,
Fourth Circuit.

Feb. 4, 1991.

Harry Franklin Bosen, Jr. Harry F. Bosen, Jr., P.C., Salem, Va., and David S. DeJong, Stein, Sperling, Bennett, DeJong, Driscoll, Greenfeig & Metro, P.A., Rockville, Md., for plaintiff Ellen O. Pitts.

Gary R. Allen, Chief, Appellate Section, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant the U.S.

Before WIDENER, SPROUSE and TILLEY, Circuit Judges.

## ORDER OF CERTIFICATION TO THE SUPREME COURT OF VIRGINIA

This is an appeal from the United States District Court for the Western District of Virginia, at Roanoke. Because the resolution of the issues presented on appeal requires interpretation and application of Virginia substantive law in circumstances not addressed by the Supreme Court of Virginia or the Court of Appeals of Virginia, this Court grants appellant's motion to certify questions and requests that the Supreme Court of Virginia exercise its certification jurisdiction pursuant to Va. Const. art. VI, § 1 and Rule 5:42 of the Rules of the Supreme Court of Virginia and decide the issues presented.

### I. *Nature of the Controversy*

This action arose under the Internal Revenue laws of the United States, specifically 26 U.S.C. § 7426(a)(1). Appellant Ellen O. Pitts brought this action against the United States, alleging that the Internal Revenue Service (IRS) wrongfully levied upon two notes which were evidence of an indebtedness owed to Mrs. Pitts and her husband, George G. Pitts. Ellen Pitts claimed that, because she and her husband received the notes evidencing the indebtedness, which were secured by a deed of trust, as proceeds from the sale of real property held as tenants by the entireties, the notes also were held as tenants by the entireties and could not be levied upon because the IRS levy was based on tax assessments against George Pitts individually. Therefore, Ellen Pitts sought to have the levies against the notes discharged, to recover the monies and any other property that the IRS already had seized, and to have the IRS enjoined from levying on any property held by her individually or as tenants by the entirety with her husband.

After considering cross-motions for summary judgment and hearing oral argument, the district court on January 3, 1990 issued an Order and Memorandum Opinion denying Ellen Pitts' motion for summary judgment and granting summary judgment to the United States. The district court determined that, because the notes received in exchange for the property held by the entireties failed to include any language indicating a right of survivorship or other specific tenancy, the couple held the notes as they would any other personalty, as tenants in common.

### II. *The Question of Law to be Answered*

a. Whether the notes received by George and Ellen Pitts, husband and wife, in exchange for real property held as tenants by the entireties, also are held as tenants by the entireties, although the notes contain no language indicating a right of survivorship.

Answering the above question may necessitate consideration of the following subsidiary questions:

1. Does the language of the Court in *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661, 663 (1963), that "in the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties are likewise held by the entire-

ties," control this case, or is the language in *Oliver* inapplicable on the facts of this case?

2. What effect, if any, do Va.Code Ann. §§ 55-20 and 55-21 (dealing with joint estates and survivorship) have on the character of the notes received in exchange for the sale of the real property involved in this case which was held by the Pitts as tenants by the entireties?

### III. *Statement of Facts Relevant to the Question Certified*

Ellen and George Pitts are Virginia residents and have been husband and wife at all times relevant to this appeal. On March 9, 1976 the couple acquired a parcel of real property by deed "as tenants by the entirety with the right of survivorship as at common law...." On January 5, 1984 the Pitts sold and conveyed the property to 404 Partnership, a Virginia general partnership. As consideration for the sale of the property, the Pitts received from 404 Partnership two notes secured by a deed of trust on the property. The deed of trust was recorded immediately after the deed conveying the property from the Pitts to 404 Partnership and secures the two notes, one in the amount of $225,000 and the other for $25,000. Both notes are payable to "George G. Pitts and Ellen O. Pitts."

On January 5, 1989 the IRS filed a Notice of Federal Tax Lien against George Pitts. On the same day, the IRS served a Notice of Levy upon 404 Partnership to obtain all property or rights to property of George Pitts held by the partnership. Thereafter, 404 Partnership made all payments due under the notes to the IRS.

On March 15, 1989 Ellen Pitts filed a complaint for wrongful levy and motion for summary judgment pursuant to 26 U.S.C. § 7426(a)(1), alleging that she had neither filed joint returns with her husband for the tax years in question nor agreed to assume any of his tax liabilities, and that the notes were proceeds from the sale of property held as tenants by the entirety and thus were not subject to levy for the debts of George Pitts individually. Although it did not accept Mrs. Pitts' contention that the notes were held by the Pitts as tenants by the entireties, the IRS eventually acknowledged that its receipt of Mrs. Pitts' share of the monies due under the notes was improper, (thus implicitly agreeing that Mrs. Pitts was at least entitled to a share as a tenant in common). Therefore, the IRS by letter of May 8, 1989 advised 404 Partnership to remit only Mr. Pitts' one-half share of the note payments in the future and to make Mrs. Pitts' one-half share payable directly to her. The IRS also refunded to Mrs. Pitts her one-half share of the monies received by the IRS to that point, plus interest. Ellen Pitts continues to receive one-half of the monthly note payments from 404 Partnership, while the IRS receives the other half to be applied to the liabilities owed by George Pitts.

The United States filed a cross-motion for summary judgment, and on January 3, 1990, the district court issued its Order and Memorandum Opinion. After acknowledging that the matter is governed by Virginia law, the district court noted that Virginia by statute has abolished survivorship between joint tenants. Va.Code Ann. § 55-20. The district court also recognized, however, that two exceptions to the statutory rule exist: Under Va.Code Ann. § 55-21 a right of survivorship may be created if such an intent "manifestly appears from the tenor of the instrument," and under *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963), cash proceeds from the sale of real property held by the entireties also is held by the entireties. Because the Pitts' deed of trust notes do not contain any language indicating a right of survivorship, and because the district court believed the rule in *Oliver* applied only to cash proceeds which could be traced back to the sale, the court denied Ellen Pitts' motion for summary judgment and granted summary judgment to the United States.

On appeal, Ellen Pitts argues that, although the courts of Virginia have yet to consider the issue, nothing in the *Oliver* decision indicates that its holding is restricted to cash proceeds and its rationale also should apply to the notes involved in this case which are secured by a deed of

trust. Further, Mrs. Pitts contends that Va.Code Ann. §§ 55–20 and 55–21 are irrelevant to this appeal because those statutes deal only with property "conveyed or devised." The argument continues that the notes in this case were not conveyed or devised, and §§ 55–20 and 55–21 are therefore inapplicable. Finally, Mrs. Pitts contends that the district court's concern that to rule otherwise "would promote inefficiency and uncertainty in the marketplace, because a purchaser of a discounted note could not examine the four corners of the note to determine the ownership interest in the note" is misplaced. Ellen Pitts argues that, because both she and George Pitts are named as payees of the notes, a subsequent purchaser or holder would require both George and Ellen Pitts to sign any assignment or negotiation of the notes in any event, so whether they are held as tenants in common or tenants by the entirety is irrelevant so far as any effect on the marketplace is concerned.

The government argues that Va.Code Ann. §§ 55–20 and 55–21 apply not only to traditional transfers of title to land and dispositions of property by will, but also to transfers of personalty in general. Therefore, the government contends that the district court correctly determined that, because the notes lack the language required by Va.Code Ann. § 55–21 to create a joint tenancy, the notes failed to qualify under the statutory exception to the general abolition of survivorship between joint tenants. Finally, the government asserts that the Supreme Court of Virginia intended that the rule it established in *Oliver* be limited to the subject of that decision, namely cash. The argument goes that to extend that rule to negotiable instruments would, as the district court found, create uncertainty in the marketplace.

IV. and V. *The names of the parties and the names, addresses, and telephone numbers of their respective counsel are as follows:*

Plaintiff

Ellen O. Pitts

Harry F. Bosen, Jr.
HARRY F. BOSEN, JR., P.C.
P.O. Box 1028
Salem, Virginia 24153
(703) 389–6940

David S. DeJong
STEIN, SPERLING, BENNETT, DEJONG,
    DRISCOLL, GREENFEIG & METRO, P.A.
25 W. Middle Lane
Rockville, Maryland 20850
(301) 340–2020

Defendant

United States of America

Gary R. Allen, Chief
Appellate Section—Tax Division
United States Department of Justice
P.O. Box 502
Washington, D.C. 20044
(202) 633–3361

---

VI. *The Certified Question of Law is Determinative of the Proceeding in this Court*

A determination by the Supreme Court of Virginia of whether the notes involved in this case and received in exchange for the sale of the property held as tenants by the entireties are likewise held as tenants by the entireties will resolve this dispute. If the notes are held as tenants by the entire-

ties, Virginia law will not permit the IRS to levy upon them to obtain payment for taxes owed by George Pitts. *See Moore v. Glotzbach,* 188 F.Supp. 267, 268 (E.D.Va. 1960) (citing *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599 (1951)).

### VII. *Relevant Decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia*

The primary decision of the Supreme Court of Virginia relevant to this appeal is *Oliver v. Givens,* 204 Va. 123, 129 S.E.2d 661 (1963). *Oliver* may not be controlling, however, because it addressed only cash proceeds from the sale of real property held by the entireties. Neither the Supreme Court of Virginia nor the Court of Appeals of Virginia has intimated whether "proceeds" also encompasses negotiable instruments.

In addition, with respect to the possible effect of Va.Code Ann. §§ 55–20 and 55–21, the decisions of the Supreme Court of Virginia in *Bennet v. First & Merchants Nat'l Bank,* 233 Va. 355, 355 S.E.2d 888 (1987), and *Wilkinson v. Witherspoon,* 206 Va. 297, 142 S.E.2d 478 (1965), may be relevant. Neither *Bennet* nor *Wilkinson* is controlling, however, because neither of the two cases addressed property that was proceeds from the sale of real property held by the entireties.

### VIII

The Clerk of this Court shall forward to the Supreme Court of Virginia a copy of this order, certified under the seal of this court and, in addition, the original or copies of all or any portions of the record in this case which the Supreme Court of Virginia may require.

This order is entered with the concurrences of Circuit Judges SPROUSE and TILLEY.