# ELLEN O. PITTS

## v.

# UNITED STATES OF AMERICA

Record No. 910186

September 20, 1991

Present: Carrico, C.J., Compton, Russell,* Whiting, Lacy, and Hassell, JJ.,
and Poff, Senior Justice

---

* Justice Russell participated in the hearing and decision of this certified question prior
to the effective date of his retirement on July 1, 1991.

*Harry F. Bosen, Jr. (David S. De Jong; Stein, Sperling, Bennett, De Jong, Driscoll, Greenfeig & Metro*, on briefs), for appellant.

*William S. Estabrook (E. Montgomery Tucker, United States Attorney; Shirley D. Peterson, Assistant Attorney General; Gary R. Allen; Charles E. Brookhart*, on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

In accord with the provisions of our Rule 5:42, a three-judge panel of the United States Court of Appeals for the Fourth Circuit invoked our "original jurisdiction . . . to answer questions of state law certified by a court of the United States or the highest appellate court of any other state." Va. Const. art. VI, § 1. On January 19, 1991, we agreed to consider the following question of law, framed and certified as dispositive of an appeal from an order entered by the United States District Court for the Western District of Virginia:

WHETHER THE NOTES RECEIVED BY GEORGE AND ELLEN PITTS, HUSBAND AND WIFE, IN EXCHANGE FOR REAL PROPERTY HELD AS TENANTS BY THE ENTIRETIES, ALSO ARE HELD AS TENANTS BY THE ENTIRETIES, ALTHOUGH THE NOTES CONTAIN NO LANGUAGE INDICATING A RIGHT OF SURVIVORSHIP.

The certification order suggested that, in answering this question, we consider the following "subsidiary questions":

1. Does the language of the Court in *Oliver* v. *Givens*, 129 S.E.2d 661, 663 (Va. 1963), that "in the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties are likewise held by the

entireties," control this case, or is the language in *Oliver* inapplicable on the facts of this case?

2. What effect, if any, do Va. Code Ann. §§ 55-20 and 55-21 (dealing with joint estates and survivorship) have on the character of the notes received in exchange for the sale of the real property involved in this case which was held by the Pitts as tenants by the entireties?

In this Court, as in the federal courts, Ellen O. Pitts advocates the affirmative of the certified question, and the United States of America, on behalf of the Internal Revenue Service (collectively, the IRS), urges the negative. The facts underlying the question are not in dispute.

By deed dated March 9, 1976, the grantors conveyed a parcel of real estate "unto George G. Pitts and Ellen O. Pitts, husband and wife, as tenants by the entirety with the right of survivorship as at common law". The Pittses sold and conveyed that property to a Virginia partnership in 1986. As consideration for the sale, the partnership executed two promissory notes, each payable "to the order of GEORGE G. PITTS and ELLEN O. PITTS". Both notes were payable in monthly installments, one over a five-year period and the other over a thirty-year period. The partnership executed a Deed of Trust on the property securing "payment of the following debts . . . evidenced by . . . interest bearing deed of trust note[s] . . . payable to George G. Pitts and Ellen O. Pitts".

In January 1989, the IRS filed a notice of income tax lien against George Pitts and served a notice of levy upon the partnership. As required by the levy, the partnership began making all payments due on the notes to the IRS. In March of that year, Ellen Pitts filed in the federal district court a complaint for wrongful levy and a motion for summary judgment pursuant to 26 U.S.C. § 7426(a)(1). She alleged, in effect, that the taxes were assessed against her husband only, that the notes executed by the partnership, like the real estate involved in the sale, were property held as a tenancy by the entirety, and that such property is not subject to levy by a creditor of only one of the tenants. The IRS filed a cross motion for summary judgment but agreed to modify the levy to apply only to half the payments due on the notes and reimbursed Ellen Pitts half the money previously collected from the partnership.

In a letter opinion, the district court stated:

> The notes do not state that the Pitts own them as tenants by the entirety. The language of the notes does not include any words indicating survivorship. Neither are the notes "proceeds", cash, which can be traced back to the tenancy by the entirety without doing a title search of the previous real property. Therefore, these notes do not automatically keep the ownership interest of the real property they secure.

Finding that "the Pitts own the note[s] as tenants in common" and that "the IRS can properly levy on George Pitts' ownership interest in the notes which is fifty percent", the district court granted the IRS's motion for summary judgment, and Ellen Pitts appealed to the Fourth Circuit.

We are of opinion that Code §§ 55-20,-21 are inapplicable to a determination of the issue before us, that our decision in *Oliver* controls that issue, and that the certified question must be answered in the affirmative.

We begin our analysis with a review of the history of the statutes.[1] The common law recognized four co-tenancies, namely, a joint tenancy, a tenancy by the entirety, a tenancy in common, and a tenancy by coparcenary. 2 Minor, *The Law of Real Property* § 835 (F. Ribble Ed. 1928). A joint tenancy and a tenancy by the entirety shared four essential characteristics, that is, unity of time, unity of title, unity of interest, and unity of possession. 4 Thompson, *Commentaries on the Modern Law of Real Property* §§ 1775-76,-84,-85 (Repl. Vol. 1979). Survivorship was an attribute of both estates, but the two differed in other respects.

"[A] joint tenant has capacity to transfer his undivided share in the land" to a third person and thereby convert the estate into a tenancy in common. *Va. Coal and Iron Co.* v. *Hylton*, 115 Va. 418, 421, 79 S.E. 337, 338 (1913). Consequently, the share of each joint tenant was subject to levy by a creditor of that tenant. 1 Minor, Real Property § 767. But, because a husband and wife

---

[1] The parties agree that the question whether George Pitts owns an interest in property subject to levy by the IRS under I.R.C. § 6331 is governed by Virginia law; that personalty as well as realty may be held as a tenancy by the entirety in Virginia, *Oliver* v. *Givens*, 204 Va. 123, 126, 129 S.E.2d 661, 663 (1963); and that such an estate is immune in Virginia from levy by a creditor of only one of the tenants, *Vasilion* v. *Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951).

"were considered a juristic person separate and distinct from the spouses themselves", Ritchie, *Tenancies by the Entireties in Real Property with Particular Reference to the Law of Virginia*, 28 Va. L. Rev. 608 (1942), each owned the entire, undivided estate as tenants by the entireties, and neither could sever the tenancy by alienating its interest during coverture, *Vasilion* v. *Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951); *Thornton* v. *Thornton*, 24 Va. (3 Rand.) 179 (1825). For that reason, the estate was immune from levy by a creditor of one of the co-tenants. *Allen* v. *Parkey*, 154 Va. 739, 746, 149 S.E. 615, 618 (1929), *aff'd*, 154 Va. 749, 154 S.E. 919 (1930).

An early ancestor of Code §§ 55-20,-21, enacted effective July 1, 1787, 12 Laws of Virginia 350 (Hening 1823), abolished survivorship as an incident of joint tenancies but not as an incident of tenancies by the entireties. *Norman* v. *Cunningham*, 46 Va. (5 Gratt.) 63 (1848). A replacement statute enacted effective July 1, 1850, Code of 1849, c. 116, §§ 18, 19, provided that "hereafter an estate of inheritance . . . conveyed or devised to a husband and his wife" be held as a tenancy in common unless the "instrument" made provision for survivorship. The statutes enacted effective May 1, 1888, Code of 1887, §§ 2430,-31, were substantially in the form in which they exist today. Code § 55-20 (Repl. Vol. 1986) and § 55-21 (Cum. Supp. 1990) read as follows:

§ 55-20. *Survivorship between joint tenants abolished.* - When any joint tenant dies, before or after the vesting of the estate, whether the estate is real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs, or pass by devise, or go to his personal representative, subject to debts or distribution, as if he had been a tenant in common. And if hereafter any estate, real or personal, is conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance.

§ 55-21. *Exceptions to § 55-20.* - Section 55-20 shall not apply to any estate which joint tenants have as executors or trustees, nor to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of

the instrument that it was intended the part of the one dying should then belong to the others. Neither shall it affect the mode of proceeding on any joint judgment or decree in favor of or on any contract with two or more one of whom dies.

Construing these statutes as controlling the certified question, the IRS argues that "the general rule in Virginia is that property held by husband and wife is held by them as tenants in common, unless 'it manifestly appears from the tenor of the instrument' that husband and wife chose to hold the property as tenants by the entireties." The IRS reasons that, absent any language on the face of the promissory notes or the deed of trust that evinces such a choice, the "general rule" applies, the notes are held by the Pittses as tenants in common, and the husband's half interest in those notes is subject to levy by his creditors. We do not agree.

■ The first sentence of § 55-20 abolished the survivorship attribute of all joint tenancies previously created and converted those tenancies into tenancies in common, effective "[w]hen any joint tenant dies". The second sentence did the same, prospectively, effective upon the creation of "any estate . . . conveyed or devised to a husband and his wife", including a tenancy by the entirety.

■ By express exception to § 55-20, the first sentence of § 55-21 preserved the character of "an estate conveyed or devised to persons in their own right", including a tenancy by the entirety, "when it manifestly appears from the tenor of the instrument" creating the tenancy that survivorship was intended to be an attribute of the estate.

■ Applying the plain-meaning rule in our interpretation of these statutes, we find that they were intended to apply to joint tenancies and to tenancies by the entireties created by an "instrument" of conveyance or devise. The promissory notes executed by the partnership are not such instruments. They did not *create* a tenancy by the entirety; they are memorials of a chose in action, the *corpus* of such an estate, one that arose by rule of law. The fact that those notes and the deed of trust securing the debt they represent contain no language evincing a survivorship intent is wholly immaterial to the question before us.

■ Our decision in *Oliver, supra,* controls our decision here. In that case, Willis and Betty Oliver, husband and wife, sold a home built on property that had been conveyed to them as tenants by

the entireties. The purchasers, P.E. Spear and his wife, executed a check, representing a portion of the purchase price, payable to Betty alone. She deposited that check in her personal bank account and later drew a check on that account to pay for three acres of land which she had titled in her name. A year later, Willis Oliver filed a petition in bankruptcy, and the trustee sued Betty demanding half the proceeds of the sale to the Spears.

■ In an opinion reversing a judgment for the trustee, this Court agreed that "the sale of the real estate which the husband and wife owned as tenants by the entireties terminated such an estate in that property" but observed that "it does not follow that an estate by the entireties does not exist in the proceeds of the sale of such property." *Oliver*, 204 Va. at 126, 129 S.E.2d at 663. Ruling that "personal property as well as realty may be held by a husband and wife as tenants by the entireties", *id.*, this Court adopted and applied the rule that "in the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties are likewise held by the entireties", 204 Va. at 126-27, 129 S.E.2d at 663.

We could not have reached that decision had we not concluded that the statutes then obtaining (which, as we have said, were substantially the same as §§ 55-20,-21) were inapplicable[2], because the check given Mrs. Oliver, like the notes given the Pittses, contained nothing indicating a choice by the sellers to hold the proceeds of the sale as tenants by the entireties.

■ Yet, the IRS contends that while such a rule may be the law in Virginia when applied to a check payable upon presentment to the depository, such a rule should not be "extended" to include promissory notes payable in deferred installments. We see no difference, material to the rule in *Oliver*, between a check and a promissory note. Typically, a sale of real estate is consummated at closing by a down payment made by check and by execution and delivery of a promissory note evidencing the debt remaining due. Whether such a note is payable upon demand or in deferred

---

[2] Manifestly, the General Assembly agrees. "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein . . . [and] where the General Assembly intends to countermand a decision of this Court it must do so explicitly." *Burns* v. *Stafford County*, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984). Since 1963 when *Oliver* was decided, the legislature has enacted only one amendment to one of the two statutes in effect in 1963, and that amendment made no substantive change.

installments, both the note and the check are "proceeds" of the sale, and we reject the contention that the rule in *Oliver* should apply to one but not to the other.[3]

■ We are aware that, in several jurisdictions which recognize that personalty can be owned as a tenancy by the entirety, the rule that we applied to the proceeds of voluntary sales of realty owned by the entireties in *Oliver* has been extended to the proceeds of other kinds of disposal or conversion of real estate. For example, some courts have applied the rule to the proceeds of judicial sales, condemnations, and mortgages; to the surplus remaining after foreclosure; to payments of insurance claims and damage judgments resulting from injury to realty; and to the derivatives of proceeds of voluntary sales. *See* Annotation, *Real Property Proceeds - Held by Entirety*, 22 A.L.R. 4th 459 (1983). We confine the reach of our decision to our answer to the question as certified, based upon the facts detailed in the order of certification.

In support of their respective positions on that question, both parties urge considerations of public policy. The Pittses argue that "preserving the immunity of tenants by the entirety property from the creditors of only one holder thereof" serves the "public policy and social interest" in protecting "the family unit." The IRS invokes the view of one scholar who suggests that "[it] may be that from the point of view of public policy the law should be changed so that property cannot be so easily immunized from the claims of creditors." Spies, *Some Considerations in Conveying to Husband and Wife*, 34 Va. L. Rev. 480, 489 (1948).

■ However, our decision rests upon principles of *stare decisis*. We leave the choice between competing public-policy interests to the General Assembly. *See* Lyle, *Virginia Extends Entireties Doctrine*, 20 Wash. & Lee L. Rev. 260, 264 (1963). We answer the certified question in the affirmative.

*The Certified Question is Answered in the Affirmative.*

---

[3] In support of its view that the rule should not apply to notes, the IRS cites the concern expressed by the federal district court that the notes are not "'proceeds', cash, which can be traced back to the tenancy by the entirety without doing a title search of the previous real property." But the same was true of the check in *Oliver*.