## CIRCUIT COURT OF THE CITY OF NORFOLK

Jack Davenport

v.

Mary Ann Spruill
and Barbara Jo Tolbert

August 31, 2010

Case No. (Civil) CL09-7568

By JUDGE JOHN R. DOYLE, III

This matter came before the Court for trial on April 21, 2010, for adjudication of the dispute and distribution of the proceeds in question. Subsequently, the parties filed written briefs and oral argument was heard on August 4, 2010. The Court reviewed the Defendants' Motion for Reconsideration and heard oral argument on August 31, 2010. Given that the Court considered new argument in consideration of this motion, the Court rescinds the prior opinion letter of August 5, 2010 and issues this opinion letter in its stead, although the Court's ruling is unchanged.

### I. *Facts*

On January 20, 1998, petitioner Jack Davenport and decedent Mary Jane Overstreet purchased a foreclosure house located at 2057 Atwater Circle, in Norfolk, Virginia, as an investment piece and held the property as joint tenants with the right of survivorship. The unmarried couple leased the property out until 2002, at which point they decided to sell it to their tenant, Robert J. Cornell, and agreed to owner-finance the transaction. A deed of trust was conveyed from Mr. Cornell to attorney Bruce Gould, and a promissory note was executed in the sum of $69,000.00 and signed by Mr. Cornell, with the note being payable to, "Jack W. Davenport and Jane Overstreet, or order."

Each month, beginning on November 1, 2002, Mr. Cornell paid $620.19 by check to Ms. Overstreet, as required by the promissory note. After placing money into escrow for the payment of real estate taxes and hazard insurance, Ms. Overstreet kept her net fifty percent interest and wrote a check to Mr. Davenport for his net fifty percent interest. Ms. Overstreet died on September 17, 2009. Thereafter, Ms. Overstreet's daughter, Barbara D'Ambrosio, received the payments, paid the bills and sent Mr. Davenport 50% of the net remaining funds.

On December 4, 2009, Mr. Davenport brought this Declaratory Judgment action claiming a right of enforcement of the survivorship element contained in the original deed and seeking the entirety of the proceeds of the promissory note. Defendants, Mary Ann Spruill *et al.* are asserting that the survivorship element of the original deed was eliminated at the time of sale and that the 50% interest previously held by the deceased Ms. Overstreet is included in her estate.

## Analysis

The nature of Mr. Davenport and Ms. Overstreet's interest, upon creation by way of special warranty deed on January 20, 1998, was a joint tenancy with a right of survivorship. Absent any language or indicia to the contrary, the sale of the property and subsequent taking back of a promissory note does not alter the original nature of the interest. Following the logic in *Pitts v. United States*, 242 Va. 254, 408 S.E.2d 901 (1991), documents such as deeds of trust and promissory notes are not "instruments of conveyance" in that they do not actually create an interest; but rather they are simply "memorials of a chose in action" that secure a debt. Since these documents do not actually originate any sort of property interest but are simply tangible ways of securing debts, it follows that they also do not alter the nature of an existing interest unless there is express language indicating an intention of the parties to alter or eliminate the original form of interest.

The rule from *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963), applies in this case. In *Oliver*, the court held that the sale of real estate held as tenants by the entirety "terminated such an estate in that property," but subsequently that "it does not follow that an estate by the entireties does not exist in the proceeds of the sale of such property." *Id.* at 126. As repeated in *Pitts*, at 261, "in the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties are likewise held by the entireties." Applied to the case at hand, the nature of Mr. Davenport and Ms. Overstreet's interest, as a joint tenancy with right of survivorship, continued to exist in the proceeds of the sale of the property in question.

Ms. Overstreet's heirs contend that because the parties were not married, the rule in Oliver and Pitts should not apply. However, this

distinction does not affect the basic tenet that the nature of the parties' ownership remains unchanged in the proceeds of the sale unless affirmatively altered by the parties.

If parties wish to terminate a property interest upon sale, there must be "an agreement or other indicia" of intent to terminate. *In re Ballard*, 65 F.3d 367, 1995 U.S. App. LEXIS 26756 (4th Cir. 1995). Absent such indicia, the Court will assume the parties intended the specific type of interest to remain, and it will be applied to the proceeds of the sale. *Sprouse v. Griffin*, 250 Va. 46, 48, 458 S.E.2d 770 (1995).

Ms. Overstreet's heirs point to Mr. Davenport's acceptance of the monthly 50% net after Ms. Overstreet's death as evidence of an agreement to terminate the survivorship. The court does not agree. Here, there was no indication that Mr. Davenport and Ms. Overstreet intended to remove the survivorship element, so it remained in effect and is applicable to the proceeds of the sale. If it had been their intent to remove the survivorship, the attorney who drafted the note could easily have made that change evident. Therefore, after Ms. Overstreet's death, the survivorship element became effective, and the balance due under the promissory note is held entirely by Mr. Davenport.

This sale by both of the owners together to a third party was not a partition. The case of *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984), emphasized by the Defendants in their Motion to Reconsider, while clarifying that a joint tenancy with right of survivorship is subject to partition, does not affect this basic rule that the property interest continues in the proceeds of a sale. The proceeds of the sale in this case was the note secured by the deed of trust.

## Conclusion

The Court finds that Mr. Davenport is entitled to the owner-financed Deed of Trust note proceeds in their entirety, due to the continuation of the survivorship feature of the original deed to Mr. Davenport and Ms. Overstreet. The Court finds no evidence that the parties attempted or even intended to alter the nature of the survivorship interest either after ending their romantic relationship or at the time of the sale of the property. Absent any such indication, it is properly inferred that proceeds from the sale of property held as joint tenants with the right of survivorship will also be held as joint tenants with the right of survivorship. Therefore, since Ms. Overstreet is deceased and the entire property has vested in the remaining joint tenant, Mr. Davenport, the Court finds that he is entitled to receive the remaining proceeds of the promissory note in their entirety.

The Court today denies the Defendants' Motion to Reconsider and enters the Judgment Order in favor of the Plaintiff.