## Richmond

### LEONARD LAPIDUS

### V.

### DOROTHY FARRIS LAPIDUS

Record No. 810490.

January 20, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Thomas, JJ., and Harrison, Retired Justice.

*Betty A. Thompson* for appellant.
*Robert W. Lewis (Lewis, Wilson, Lewis & Jones, Ltd.,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The principal issue in this appeal concerns the scope of a chancellor's authority in a divorce case. Leonard Lapidus appeals from a decree directing him to contract for life insurance as a part of spousal support for his wife.

The parties in this action were married for approximately 29 years. The husband, 51, has a Ph.D. degree in economics. The wife, 58, has bachelor's degrees in both mathematics and physics. The court found that the husband had, without just cause, willfully deserted his wife. This finding is not challenged on appeal.

The husband earns a gross annual salary of $50,112. He also receives approximately $8,000 per year tax-exempt interest on bonds. In addition, the husband owns a Federal Reserve Thrift Plan with an annual growth rate of approximately $6,000 per year. His assets total approximately $204,000.

The wife is unemployed. She worked periodically during the marriage. Her most recent employment, as a part-time college teacher, terminated in the Spring of 1980. Throughout the marriage, she retained her earnings in a separate account which was not used for the couple's general living expenses. In addition to household furniture, valued at approximately $5,000, the wife's savings accounts total approximately $41,000. From this, she receives interest income of approximately $3,000 annually.

The parties enjoyed a comfortable standard of living during their marriage. They took numerous vacations together, regularly

entertained guests in their home, and enjoyed many cultural pursuits. The court found that they spent their income primarily on themselves, as they were childless.

The husband claimed estimated monthly expenses, exclusive of spousal support, of $2,240. The wife filed a statement estimating monthly expenses of $2,815. The trial court, finding both estimates somewhat inflated, "discounted" them and determined that the parties' expenses were essentially equal.

On May 25, 1979, the court awarded the wife $1,350 a month for *pendente lite* support. During the 16 months she received this amount, the wife was able to pay her attorneys approximately $7,300 and increase her savings by roughly $6,500. The wife claims she was only able to do this by living frugally.

On October 15, 1980, the trial court heard evidence *ore tenus* to determine permanent spousal support. The court opined that the husband should pay his wife $1,875 per month, and additionally, that until the parties reached a property division, they should equalize their investment income annually. Upon a suggestion that the latter provision appeared to be impermissible, the court deferred its rulings, requesting memoranda of law from counsel.

On December 4, 1980, the trial court increased the monthly spousal support payment to $2,275, retroactive to October 4, 1980. The purpose of the $400 increase was to provide the wife with life insurance on her husband. The husband objected to the life insurance provision, claiming it "was not within the authority of the court." Thereafter, over the husband's objection, the court ordered him either to submit to a physical examination so his wife could obtain life insurance or to pay her additional support of $200 per month. The husband excepted to the ruling and submitted to the physical examination under protest.

We have stated repeatedly that jurisdiction in divorce suits is purely statutory, *Johnson* v. *Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 353 (1983); *Watkins* v. *Watkins*, 220 Va. 1051, 1054, 265 S.E.2d 750, 752 (1980); *Lawrence* v. *Lawrence*, 212 Va. 44, 48, 181 S.E.2d 640, 643 (1971); *Bray* v. *Landergren*, 161 Va. 699, 704, 172 S.E. 252, 253 (1934), and "cannot be acquired by the courts inferentially or through indirection." *Johnson*, 224 Va. at 645, 299 S.E.2d at 353-54. Moreover, "[w]hen the General Assembly sets out to confer . . . jurisdiction on divorce courts, it accomplishes the purpose using clear, detailed language." *Id.* at 645, 299 S.E.2d at 354.

In *Ring* v. *Ring*, 185 Va. 269, 38 S.E.2d 471 (1946), the trial court, wishing to secure the husband's payments of support, ordered him to deliver certain corporate stock to the clerk of the court. We reversed, finding the trial court without jurisdiction to impound the stock. *Id.* at 277, 38 S.E.2d at 475.

In *Watkins*, the trial court ordered the husband to pay support and enjoined him from disposing of certain corporate stock. Relying upon *Ring*, we reversed the trial court because it lacked the statutory power to order the injunction. 220 Va. at 1054-55, 265 S.E.2d at 753.

In the present case, the trial court ruled that the wife was "entitled to have" an insurance policy on the husband's life. For such a policy to issue, the husband was a necessary party to the contract, and was required to undergo a physical examination. Moreover, the court further ruled that because the wife was entitled to the insurance, the court had the authority to order the husband to submit to the physical examination, putting the husband on terms either to submit to the examination within 21 days or pay an additional sum of $200 per month in permanent support. These rulings were erroneous.

██ Nothing in the divorce statutes empowered the court to take the action it took. Not only did the court lack the power to compel the husband to contract for life insurance, it adopted a punitive procedure to enforce its ruling. A decree is void if "the character of the judgment was not such as the court has the power to render, or [if] the mode of procedure employed by the court was such as it might not lawfully adopt." *Anthony* v. *Kasey*, 83 Va. 338, 340, 5 S.E. 176, 177 (1887). *See also Watkins* at 1054, 265 S.E.2d at 752-53. Because the court lacked the authority to order the husband to contract for life insurance, that provision in the decree is void. Consequently, the $400 increase in spousal support to fund the life insurance premiums will be annulled.

██ This brings us to the husband's contention that the trial court ordered an excessive amount of spousal support and the wife's claim, in her assignment of cross-error, that the court erred in not granting her a lump sum award of alimony in addition to the periodic payments. We must consider these issues in light of the provisions of former Code § 20-107, the applicable statute at the time the case was tried.*

---

*Former Code § 20-107 read in pertinent part as follows:

A trial court is vested with broad discretion in fixing the amount of spousal support, and its decision "will not be disturbed unless it is clear that some injustice has been done." *Treger* v. *Treger*, 212 Va. 538, 539, 186 S.E.2d 82, 83-84 (1972). *See also Ingram* v. *Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976); *Russell* v. *Russell*, 216 Va. 432, 435, 219 S.E.2d 689, 692 (1975); *Turner* v. *Turner*, 213 Va. 42, 43, 189 S.E.2d 361, 363 (1972). This is especially the case when the court hears evidence *ore tenus*; its findings are entitled to the weight of a jury verdict and will not be disturbed unless they are plainly wrong or without evidence to support them. *Thomas* v. *Thomas*, 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976); *Alls* v. *Alls*, 216 Va. 13, 14, 216 S.E.2d 16, 16-17 (1975).

■ A wife who is entitled to support has the right to be maintained in the manner to which she was accustomed during the marriage, but the court must balance her needs against the husband's ability to pay. *Robertson* v. *Robertson*, 215 Va. 425, 427, 211 S.E.2d 41, 44 (1975). In making its findings, the trial court should consider all factors enumerated in Code § 20-107. *Bristow*

---

The court shall, in determining such support and maintenance for the spouse or children, consider the following:

(1) The earning capacity, obligations and needs, and financial resources of the parties;

(2) The education and training of the parties and the ability and opportunity of the parties to secure such education and training;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, physical and mental condition of the parties;

(5a) The contributions, monetary and nonmonetary, of each party to the well-being of the family;

(5b) The property interests of the parties, both real and personal;

(6) Such other factors as are necessary to consider the equities between the parties.

In addition to or in lieu of periodic payments for maintenance and support of a spouse, the court may, in its discretion, award a lump sum payment, based upon consideration of the property interests of the parties except those acquired by gift or inheritance during the marriage.

Provided, however, that no permanent support and maintenance or lump sum payment for the spouse shall be awarded by the court from a spouse if there exists in his or her favor a ground of divorce under any provision of §§ 20-91 (1) through (8) or 20-95.

Effective July 1, 1982, § 20-107 was repealed; § 20-107.1 dealing with spousal support and § 20-107.3 pertaining to equitable distribution of property became operative on that date.

v. *Bristow*, 221 Va. 1, 4, 267 S.E.2d 89, 90 (1980); *Brooker v. Brooker*, 218 Va. 12, 13, 235 S.E.2d 309, 310 (1977).

The husband contends that during the 16 months his wife was receiving *pendente lite* support of $1,350 per month, she saved approximately $6,500 and paid her attorneys $7,300. Thus, he argues, the trial court ordered an amount in excess of her needs. He further asserts that while his wife's financial condition improved during that time period, his worsened. The wife contends, on the other hand, that, in addition to the periodic support, she needed a lump sum payment of $50,000 to restore her to the economic situation she occupied during the marriage. We are not persuaded by either contention.

■ The trial court heard the evidence relating to support *ore tenus*. Its memorandum opinion indicates that full and careful consideration was given to all factors enumerated in Code § 20-107. After deleting the $400 erroneously ordered for life insurance, the wife will receive monthly spousal support of $1,875. This amount, coupled with her yearly interest income of approximately $3,000, gives her a gross annual income slightly in excess of $25,000. What we observed in *Russell* is likewise appropriate here: "[a]lthough the allowance . . . is large, it is not excessive when we consider the assets of the parties, their standards of living and their abilities to earn." 216 Va. at 435, 219 S.E.2d at 692.

■ In view of the substantial periodic payments, we do not believe the evidence supports the granting of an additional lump sum award. If circumstances change and the wife's needs become greater in the future, the court has continuing jurisdiction to make a modification as the circumstances warrant at that time. Code § 20-109; *Thomas*, 217 Va. at 505, 229 S.E.2d at 890.

Accordingly, we will modify the trial court's decree by annulling the provision concerning life insurance and by reducing the monthly support payments to $1,875. We will affirm the decree as modified.

*Modified and affirmed.*