## CIRCUIT COURT OF FAIRFAX COUNTY

Grimes

v.

Grimes

May 30, 1990

Case No. (Chancery) 68339

## By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on Mr. Grimes's motion to vacate a portion of the final decree of divorce entered by this Court on March 6, 1981. Among other matters, the decree required Mr. Grimes to maintain existing life insurance policies under which Mrs. Grimes was the beneficiary. Mr. Grimes argues that this portion of the decree is void. The Court took the matter under advisement and now denies the motion, for the following reasons.

The Court has no jurisdiction to vacate an order which became final and conclusive over nine years ago. Under Rule 1:1 of the Rules of the Supreme Court of Virginia, a decree becomes final and conclusive twenty-one days after entry. After the twenty-one day period, the Court that entered the order retains jurisdiction only for the limited purpose of enforcing the order or revising support to reflect changed circumstances. *Rook v. Rook*, 233 Va. 92, 353 S.E.2d 756 (1987) (portion of final decree incorporating an agreement that was allegedly void as against public policy could not be vacated because husband failed to appeal and more than twenty-one days had elapsed since entry of the order). A decree is subject to attack without regard to Rule 1:1 only if it was procured by fraud or entered by a court which lacked jurisdiction over the subject matter or the parties. 233 Va. at 94-96; *see also Johnson v. Johnson*, 1 Va. App. 330, 333, 338 S.E.2d 353

(1986) (provision of final decree ordering father to pay support for adult daughter not void and not subject to challenge in enforcement action ten years later). The disputed provision of the decree at bar was not void: no allegations of fraud have been made, and the Court had jurisdiction over the parties and the subject matter of the case.

Mr. Grimes argues that the order is void because it would result in the payment of spousal support after the death of a party. He also argues that the Court lacked power to order him to take such action. The Court disagrees. It cannot be said that a court has ordered spousal support continuing beyond the life of a party merely because the other party might, after the death of the former spouse, receive proceeds of investments or savings accounts funded by support payments. In the same manner, ordering a party in a divorce suit to maintain an existing life insurance policy in favor of a former spouse does not require a party's estate to pay spousal support.

Nor does the case of *Lapidus v. Lapidus*, 226 Va. 575, 311 S.E.2d 786 (1984), support Mr. Grimes's contentions. In *Lapidus*, the chancellor ordered a husband to contract for a new life insurance policy. Over the husband's objections, the chancellor increased the amount of spousal support by $400.00 each month to fund the payments and ordered the husband to submit to a physical examination to obtain the policy or to pay additional permanent spousal support of $200.00 each month. The husband excepted to these rulings and promptly appealed. The Supreme Court held that the chancellor's orders were outside the scope of the limited powers bestowed by Virginia's divorce statutes. The Court pointed out that to obtain the policy, "the husband was a necessary party to the contract and was required to undergo a physical examination." 226 Va. at 579. The court also emphasized the chancellor's lack of power to adopt the punitive procedure employed to compel the husband to submit to the physical exam. *Id.*

The *Lapidus* opinion never mentioned that the disputed order might be equivalent to ordering the spouse to pay alimony beyond the life of a party. Instead, the opinion focused on the chancellor's lack of power to order a spouse to take the actions to obtain issuance of a new insurance policy. The negative implications of the *Lapidus* court's

silence on the former issue lead this Court to believe that the *Lapidus* court did not base its decision on the question of spousal support payable from the estate of a former spouse.

The disputed portion of the decree at bar would be void only if *Lapidus* means that a court's lack of jurisdiction to order a spouse to contract for a policy of life insurance renders an order to maintain an existing policy void rather than voidable. The more recent cases of *Rook v. Rook* and *Johnson v. Johnson*, cited above, persuade the Court that *Lapidus* should not be interpreted in this way. Further, the order in *Lapidus* is distinguishable from the case at bar. Ordering a spouse to maintain existing life insurance policies neither requires the spouse to enter any contract unwillingly nor unlawfully compels the spouse to undergo an invasive physical examination. Courts in other jurisdictions may also distinguish between ordering a spouse to obtain a new policy and ordering the spouse to pay support to maintain an existing policy. *See generally*, 24 Am. Jur. 2d, *Divorce and Separation*, § 634 (1983 & 1989 Supp.). The incidental powers granted by Virginia's divorce statutes appear to allow Virginia courts to set spousal support at an amount which would include the cost of maintaining an existing policy of insurance. If the Court erred in requiring Mr. Grimes to pay the money directly to the insurance company rather than to Mrs. Grimes, that error might have been corrected on appeal. Because the nature of such an order would not be wholly outside the scope of the court's powers, however, the order would not be void.

Moreover, Mr. Grimes is estopped from challenging the decree at this late date. He neither objected to entry of the decree in 1981 nor appealed the ruling in a timely fashion. He offers no reasonable excuse for his nine-year delay in raising this objection to the order. The Court is of the opinion that Mr. Grimes should have raised this argument long before now. When the Court initially entered this decree, *Lapidus* had not been decided, but the underlying legal principles were well established even then, see 226 Va. at 578-579 (citing, *inter alia*, *Anthony v. Kasey*, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). In addition, this Court reviewed the decree in light of *Lapidus* in February of 1985. At that time, the parties fully argued

the issue of whether the decree required Mr. Grimes to exercise conversion options or purchase additional insurance to maintain the same level of death benefits initially provided by the "decreasing term" policies awarded to Mrs. Grimes. Although the parties disputed the significance of the *Lapidus* case, Mr. Grimes never asserted his current interpretation. The position which he assumed at that time suggested that he either acquiesced in the validity of the order or intended to abandon any objections. Finally, Mrs. Grimes has undoubtedly faced decisions regarding her economic welfare in the past nine years. The Court cannot escape the conclusion that, in making such decisions, Mrs. Grimes relied on Mr. Grimes's failure to contest the initial order. The Court could not restore the *status quo ante* if it were to vacate the order at this time. In these circumstances, vacating the order would be inequitable.