KATHY S. GRIFFIN, ADMINISTRATRIX, etc.

v.

LORRAINE G. SPROUSE

No. 1509-93-3

Decided August 30, 1994

860

Leslie Ann Shaner (Singleton & Deeds, on brief), for appellant.

Frankie C. Coyner, for appellee.

OPINION

ELDER, J.—Kathy S. Griffin ("Griffin")—administratrix of the estate of her father, Thomas Sprouse ("Thomas")—contests the divorce court's resolution of a dispute over the entitlement of her mother, Lorraine Sprouse ("Sprouse"), to certain funds being held in escrow. After Sprouse filed for divorce, she and Thomas agreed to sell the marital residence but could not agree on the distribution of the proceeds from the sale. The divorce court ordered the funds to be held in escrow pending equitable distribution proceedings, but Thomas died before the divorce proceedings could be completed. Sprouse then moved the court to order the funds disbursed to her. As administratrix of Thomas's estate, Griffin intervened and objected to the disbursement. The trial court held that "title" to the funds passed to Sprouse because the property had been held by the parties as tenants by the entireties.

On appeal, Griffin claims that the trial court erred in holding (1) that it had jurisdiction to determine entitlement to the escrowed funds in the divorce proceeding following Thomas's death, and (2) that the funds were property held by the parties as tenants by the entireties. Sprouse asserts that Griffin failed properly to preserve for appeal her challenge to the jurisdiction of the court. For the reasons that follow, we vacate the trial court's order and remand for further proceedings.

On May 1, 1991, Sprouse filed for divorce from Thomas Sprouse. Thomas filed an answer and cross-bill. On October 6, 1992, the court referred the matter to a commissioner in chancery

to report on all issues related to the equitable distribution. During the pendency of divorce proceedings, Thomas and Sprouse agreed to sell the marital residence, which they owned as tenants by the entireties. Following the sale, however, they were unable to agree on how to distribute the proceeds. By order of November 19, 1992, the court directed that the proceeds be held in escrow by the parties' attorneys. Thomas died intestate in Highland County, Virginia, on December 1, 1992, before a hearing could be held.

On December 22, 1992, Sprouse moved the court for summary judgment contending that the escrowed funds were property owned by the parties as tenants by the entireties with right of survivorship when Thomas died, or, alternatively, on the theory that when he died, the funds passed to her under the laws of intestate succession. On February 4, 1993, Griffin qualified as administratrix of Thomas's estate in Highland County. She was granted leave by the Circuit Court of Augusta County to intervene in her capacity as administratrix in the pending divorce proceedings concerning disposition of the funds in the escrow account. Griffin argued that the court lacked jurisdiction to determine entitlement to the escrowed funds because the divorce proceeding had abated with the death of Thomas. She contends that the Highland County Circuit Court, the jurisdiction in which Thomas died and where letters of administration had issued for his estate, had jurisdiction to determine his estate's interest in the property. After receiving evidence, the court held that it had jurisdiction over the funds which it had ordered placed in escrow. It also concluded that the proceeds were presumed to be held by the parties as tenants by the entireties because they were generated from the sale of property so held and because Griffin presented no evidence to counter the presumption that they continued to be so held. The court ordered that the funds in the escrow account and accumulated interest be disbursed to Sprouse. It did, however, decree that Griffin's objections to the disposition of the escrowed funds, "as previously contained in arguments submitted to the Court *ore tenus* and by way of written memoranda, be . . . expressly noted and reserved."

## I.

We hold first that Griffin's objection to the jurisdiction of the trial court was properly preserved for appeal. It is true that she did not list her specific objections to the trial court's order of

June 8, 1993, on the order itself. However, under Code § 8.01-384, such action was unnecessary. That section, as amended in 1992, provides that

> [n]o party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement or the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statement of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Although no transcripts were provided on appeal, the trial record shows that the parties submitted memoranda addressing the issue, and the trial judge noted in his order that he based his decision on review of the pleadings, memoranda, and arguments of counsel. The appellant "afforded 'the trial court an opportunity to rule intelligently on the issues presented' " prior to entry of the decree; therefore, the issue raised has been properly preserved for appeal. *Kaufman v. Kaufman*, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991) (quoting *Weidman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). For these reasons, we hold that the issue was properly preserved for appeal.

## II.

On the merits of the issue, Griffin argues that the divorce proceeding abated when Thomas died, thereby divesting the Augusta County Circuit Court of jurisdiction to determine entitlement to the escrowed funds, other than to transfer the funds to a court with jurisdiction to decide the issues. Sprouse argues that the divorce court retained *in rem* jurisdiction over the funds following Thomas's death. Although this is an issue of first impression in Virginia, we conclude that under Virginia's domestic relations statutes, Thomas's death divested the Augusta County Circuit Court of jurisdiction to determine the rights to the escrowed funds.

■ Under the Virginia Code, "[t]he circuit court, on the chancery side, shall have jurisdiction of suits for annulling or affirming marriage and for divorces." Code § 20-96. "Jurisdiction in divorce suits may not be acquired inferentially or through indirection because divorce in Virginia is a creature of statutes enacted in clear, detailed language." *Steinberg v. Steinberg*, 11 Va. App. 323, 328-29, 398 S.E.2d 507, 510 (1990). Although the divorce court initially acquired jurisdiction in this case, that jurisdiction abated on Thomas's death, a fact recognized by the trial court. Despite that abatement, however, the trial court concluded that it "retain[ed] *in rem* jurisdiction over a fund specifically created by a valid order of this Court." We disagree that the trial court had jurisdiction to determine entitlement to the funds. The court's jurisdiction or authority was limited to transferring the funds to a court with jurisdiction. The trial court's order that the funds be paid to Sprouse was a determination of property rights of the parties beyond the divorce court's jurisdiction.

■ Courts of other states, considering the jurisdiction granted by statutes comparable to Code § 20-107.3(A) have held

the determination of any economic or similar claims which are ancillary to the divorce action must be made *in conjunction with or following* the entry of a divorce decree. Because the trial court's powers are derived from and are contingent upon the continued existence of the divorce action, the trial court has no jurisdiction to proceed if one of the parties dies prior to the entry of a divorce decree.

*Geraghty v. Geraghty*, 600 A.2d 1261, 1264 (Pa. Super. Ct. 1991) (emphasis added) (holding that abatement of divorce action divested the court of jurisdiction to alter beneficiary designation on life insurance policies after husband's death), *appeal denied*, 615 A.2d 1312 (Pa. 1992); *see, e.g., Briece v. Briece*, 703 F.2d 1045, 1046-47 (8th Cir.) (holding, under Illinois law, that court was without jurisdiction to enforce previous order directing husband to reinstate wife as beneficiary on his life insurance policy where husband died before final decree was entered and without notice of reinstatement order), *cert. denied*, 464 U.S. 850 (1983). In the absence of a statute providing for survival or revival of a divorce proceeding or distribution of property pursuant thereto, *cf.* Code § 8.01-25 (providing for survival of other types of actions,

including those for breach of contract, personal injury and property damage), jurisdiction to resolve disputes over property ownership lies with the probate court. *See Simpson v. Simpson*, 473 So. 2d 299, 299 (Fla. Dist. Ct. App. 1985) (holding that probate court had exclusive jurisdiction to dispose of property owned by party who died prior to entry of divorce decree); *Davis v. Rahkonen*, 332 N.W.2d 855, 856-57 (Wis. Ct. App. 1983) (holding that although divorce action abated on death of party, court retained limited jurisdiction to award attorney's fees because statute so provided); Lynne Z. Gold-Bikin, *Bifurcation: Death After Divorce and Before Distribution, in Contemporary Matrimonial Law Issues: A Guide to Divorce Economics and Practice* 622, 623 (Henry H. Foster, Jr. & Ronald L. Brown eds., 1985) ("When a party to a divorce proceeding dies before the entry of a final [decree], the action generally abates and . . . the probate court has jurisdiction over the deceased's property."). We have no legislation providing for survival or revival of a divorce or equitable distribution action following the death of one of the parties. Therefore, Thomas's death divested the trial court of jurisdiction to determine the rights of the parties to the escrowed funds.

The holding in *Morris v. Henry*, 193 Va. 631, 70 S.E.2d 417 (1952), relied upon by Sprouse, is not inconsistent with our holding because the order at issue in the *Morris* case was entered in conjunction with, rather than prior to, the final decree of divorce. *Id.* at 632, 70 S.E.2d at 417-18.

Because we hold that the trial court lacked jurisdiction to determine entitlement to the escrowed funds, we do not consider whether the court erred in holding that the funds were properly held as tenants by the entireties rather than as tenants in common.

We vacate the order of the trial court and remand the case with direction that the court transfer the funds to a court where proper administration of the estate of Thomas Sprouse may be or a court where proceedings may otherwise be filed to adjudicate the issues.

*Vacated and remanded.*

Coleman, J., and Koontz, J., concurred.