Present:  All the Justices

LORRAINE G. SPROUSE
                                OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 941647                        June 9, 1995

KATHY S. GRIFFIN, ADMINISTRATOR, ETC.


                FROM THE COURT OF APPEALS OF VIRGINIA


    In this controversy arising from a divorce suit in which one
of the parties died while the suit was pending, we consider
whether the Court of Appeals correctly ruled that the trial court
lacked jurisdiction to determine entitlement to funds the trial
court, prior to the death, had ordered held in escrow.  Also, we
consider if the Court of Appeals erred in refusing to rule on the
status of the funds, that is, whether they were held as
entireties property or as a tenancy in common.

    In May 1991, appellant Lorraine G. Sprouse, the wife, filed
a bill of complaint against her husband, Thomas E. Sprouse, in
the Circuit Court of Augusta County seeking a divorce on the
ground of desertion.  Among other things, the wife sought
adjudication of the parties' property rights.  The husband filed
an answer denying fault.  He also filed a cross-bill charging the
wife with constructive desertion.  Following the October 1990
separation, the husband lived in Highland County with Kathy S.
Griffin, one of the parties' four living adult children.

    While the suit was pending, the parties agreed to sell the
marital home, which they owned as tenants by the entireties.  A
third party purchased the property in September 1992.  The sale
proceeds amounted to approximately $32,942.  Because the parties

could not agree on disposition of the fund, the trial court ordered that the proceeds be held in escrow by the attorneys for the respective litigants "until further order of the Court." The proceeds check was payable to "Frankie C. Coyner and Gordon W. Poindexter, Jr., for Thomas and Lorraine Sprouse."

The husband died intestate in Highland County on December 1, 1992. While pendente lite proceedings had occurred, no divorce decree had been entered before the husband's death.

In January 1993, Griffin filed a petition for intervention in the trial court. Asserting that the decedent's debts remained unpaid, she asked that the escrowed funds be held until such time as the decedent's estate could be administered according to law. In February 1993, Griffin qualified as administrator of the decedent's estate in the Circuit Court of Highland County. Subsequently, Griffin, in her representative capacity, was made a party to the pending suit.

Griffin, by counsel, questioned the jurisdiction of the trial court to determine the proper disposition of the escrow fund. In requesting counsel to debate that issue, the trial judge stated he did "not question the fact that the divorce action has abated" due to the husband's death while the suit was pending. "The question before me now," the trial judge said, "is whether this Court retains in rem jurisdiction over a fund specifically created by a valid order of this Court."

In June 1993, after briefing and argument of counsel, the

trial court overruled the administrator's jurisdictional challenge.  The court decided that "since the fund created by a previous order of this Court remains under the present control of the escrow agents serving as officers of the Court, . . ./ this Court has jurisdiction to determine to whom that fund should be paid."

Following further argument upon the question of proper disposition of the escrow account, the trial court ruled in favor of the wife.  In a June 1993 letter opinion, the trial court noted that the funds in the account "were generated by the sale of real estate held by the parties as tenants by the entireties."  The court said, "Despite the express invitation of this Court, neither party chose to offer any evidence of any agreement or understanding between the parties to the effect that these funds in this account were to be held in any manner other than by the attorneys for the parties as tenants by the entireties."

Thus, the court ruled, "the funds became the sole property of" the wife upon the husband's death.  The court stated, "The fact that Ms. Griffin has qualified as the Administrator of his Estate does not change this result.  Obviously, only his personal estate is subject to the control of his personal representative."  In a July 6, 1993 final order, the trial court directed the escrow agents to withdraw all funds, plus interest, held in the escrow account and to pay them to the wife.

Upon appeal of the final order by the administrator, a panel

of the Court of Appeals unanimously reversed the trial court. Griffin v. Sprouse, 18 Va. App. 859, 448 S.E.2d 152 (1994). The Court of Appeals decided "that under Virginia's domestic relations statutes," the husband's death "divested" the trial court "of jurisdiction to determine the rights to the escrowed funds." Id. at 862, 448 S.E.2d at 154. The Court of Appeals said the trial court's order that the funds be paid to the wife "was a determination of property rights of the parties beyond the divorce court's jurisdiction." Id. at 863, 448 S.E.2d at 154. The court stated that the trial court's "jurisdiction or authority was limited to transferring the funds to a court with jurisdiction." Id.

Concluding, the Court of Appeals said that, because of its jurisdictional ruling, it would not consider whether the trial court "erred in holding that the funds were properly held as tenants by the entireties rather than as tenants in common." Id. at 864, 448 S.E.2d at 155. The trial court's final order was vacated, and the case remanded "with direction that the court transfer the funds to a court where proper administration of the estate of Thomas Sprouse may be or a court where proceedings may otherwise be filed to adjudicate the issues." Id.

The wife appealed to this Court, assigning error to the Court of Appeals' jurisdictional ruling, to its failure to award her all the escrow fund, and to its order transferring her property to the court of administration of the decedent's estate,

- 4 -

or to some other court.  The administrator assigned cross-error to the Court of Appeals' failure to sustain her claim that the funds did not retain their character as tenants by the entireties property.

Determining that the decision of the Court of Appeals involves matters of significant precedential value, Code § 17-116.07(B), we awarded an appeal on both the assignments of error and the assignment of cross-error.  We now reverse.

On the jurisdictional question, the administrator, relying in part on foreign authority cited by the Court of Appeals, contends that the trial court "did not have jurisdiction to decide the ultimate disposition of the trust account funds," but that the only power "the trial court had in this type of situation was to transfer the funds to a court with jurisdiction."  We do not agree.

Of course, jurisdiction in divorce suits is purely statutory, conferred in clear, detailed language.  Lapidus v. Lapidus, 226 Va. 575, 578, 311 S.E.2d 786, 788 (1984); Steinberg v. Steinberg, 11 Va. App. 323, 328-29, 398 S.E.2d 507, 510 (1990).  "The circuit court, on the chancery side, shall have jurisdiction of suits for annulling or affirming marriage and for divorces."  Code § 20-96.

In addition, a divorce suit abates when one party dies while the suit is pending and before a decree on the merits; this is because the death terminates the marriage, thus rendering the

divorce suit moot as it relates to the parties' marital status. Simpson v. Simpson, 162 Va. 621, 633, 175 S.E. 320, 325 (1934).

These settled principles, however, do not furnish the answer to the narrow question presented here, that is, did the circuit court retain in rem jurisdiction over a fund specifically created by a valid order of that court?  We respond to that query affirmatively.

The order established the fund "until further order of the Court."  It neither became a nullity, nor became void, nor was it vacated by operation of law, upon the husband's death, which abated the litigation over the parties' marital status.  Instead, the circuit court, a court of general jurisdiction, retained power to dispose of the res, the escrow fund that it had created.

This case is unlike those in which a trial court sitting in chancery lacked the jurisdiction to make certain orders in a divorce case.  See, e.g., Lapidus, supra, 226 Va. at 579, 311 S.E.2d at 788 (error to order husband to contract for life insurance as part of wife's spousal support); Watkins v. Watkins, 220 Va. 1051, 1054, 265 S.E.2d 750, 753 (1980) (error to enjoin husband, liable for support, from disposing of corporate stock); and Ring v. Ring, 185 Va. 269, 277, 38 S.E.2d 471, 475 (1946) (error to order husband to secure payment of support by delivering corporate stock to clerk of court).  Rather, this is simply a case where a circuit court has the authority to deal with a fund it created, albeit the fund was generated in a

divorce suit that abated later.

Because we have decided that the Court of Appeals erred and that the trial court retained jurisdiction over the fund, we must address the administrator's assignment of cross-error. She contends that the "escrowed funds did not retain their character as tenants by the entireties with the right of survivorship when they were deposited" in the escrow account "following the sale of the marital residence." We do not agree.

In Virginia, "personal property as well as realty may be held by a husband and wife as tenants by the entireties." Oliver v. Givens, 204 Va. 123, 126, 129 S.E.2d 661, 663 (1963). Even though the sale of real estate owned by husband and wife as tenants by the entireties terminates such an estate in that property, "it does not follow that an estate by the entireties does not exist in the proceeds of the sale of such property." Id. "[I]n the absence of an agreement or understanding to the contrary, the proceeds derived from a voluntary sale of real estate held by the entireties are likewise held by the entireties." Id. at 126-27, 129 S.E.2d at 663. Accord Pitts v. United States, 242 Va. 254, 261, 408 S.E.2d 901, 904-05 (1991).

As the trial court noted, there was no evidence of any agreement or understanding between the husband and wife to the effect that the funds in the escrow account were to be held in any manner other than by the attorneys for the parties as tenants by the entireties. Even though the parties consented to sale of

the realty, the parties could not agree on the disposition of the proceeds. Thus, the trial court ordered that the funds be placed in escrow. Nothing transpired, however, to indicate any intention of the parties to change the character of the proceeds from entireties property. Therefore, as the trial court correctly ruled, the funds became the sole property of the wife upon the husband's death on December 1, 1992.

Consequently, we will reverse the order of the Court of Appeals and enter final judgment here reinstating the trial court's July 6, 1993 final order.

<u>Reversed and final judgment</u>.