## CIRCUIT COURT OF FAIRFAX COUNTY

Jeffrey Brent Willett

v.

Cheryl Beth Willett

June 11, 1996

Case No. (Chancery) 136316

BY JUDGE STANLEY P. KLEIN

This case is before the Court on Complainant's Motion to Approve the Sale of Property, Compel Conveyance thereof, and for Appointment of Special Commissioner of Sale. The issue argued by counsel on May 31, 1996, and taken under advisement, was whether the parties' divorce decree created an equitable lien on marital property ("the Property") in favor of the Complainant's father, William Willett. Based on the oral arguments, the written memoranda, and the applicable cases, this Court holds that no such equitable lien was created.

Jeffrey Willett ("Complainant") and Cheryl Willett ("Defendant") were divorced on May 5, 1995. During the marriage, the parties had borrowed $12,500.00 from Complainant's father, William Willett. In the divorce decree, Judge Jane Marum Roush ordered that "from the proceeds of the sale of said real property [the marital residence at 3603 Buckeye Court] shall be deducted the reasonable expenses of the sale, the payoff of any lien(s) thereon, the $12,500.00 loan from the Plaintiff/Cross-Defendant's father, and that the then remaining net proceeds shall be divided equally between the parties . . . ." Final Decree, p. 9. Cheryl Willett filed for personal bankruptcy on July 12, 1995, and was discharged on October 22, 1995. In January, 1996, William Murray contracted to purchase the Property for $144,000.00. At the settlement of the sale of the Property, Cheryl Willett refused to sign a settlement statement containing a line-item deduction for the $12,500.00 to Complainant's father on the basis that her liability to

William Willett had been discharged in the bankruptcy. She did agree to close the sale if the $12,500.00 were escrowed. However, Complainant, through his attorney-in-fact, refused to close the transaction unless the $12,500.00 was paid to his father, and closing, therefore, did not occur.[1] William Willett subsequently offered to buy the Property for the same consideration and pursuant to the same conditions previously offered by Murray. Complainant then filed the pending motion to compel Defendant to convey the property to his father.

On April 11, 1996, one day before the hearing on Complainant's motion, Defendant filed a Notice of Removal to the United States Bankruptcy Court, Eastern District of Virginia, Alexandria Division. On April 12, 1996, this Court stayed these state court proceedings pending a remand from the Bankruptcy Court. In a comprehensive and well-reasoned Memorandum Opinion, United States Bankruptcy Judge Stephen S. Mitchell determined that the motion should be remanded to this Court for determination. An order of remand, pursuant to 28 U.S.C. § 1452(b), was entered by Judge Mitchell on May 9, 1996.

This Court must now decide whether the Court's Final Decree of May 5, 1995, created an equitable lien on the Property in favor of William Willett. An equitable lien can be created "by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings . . . ." *Hoffman v. First Nat'l Bank,* 205 Va. 232, 237 (1964) (quoting *Noremac, Inc. v. Centre Hill Court,* 164 Va. 151, 162 (1935) (quoting 1 *Jones on Liens,* 3d ed., § 27)). Complainant argues that the plain language of the decree establishes Judge Roush's intent to create such a lien. The Court disagrees.

Divorce is a creature of statute in which the courts cannot exceed the jurisdictional limits set forth by the General Assembly. *Lapidus v. Lapidus,* 226 Va. 575, 578 (1984). When distributing marital property during a divorce action, the Court can only award the property and its proceeds to the parties to the case, namely the man and woman who are divorcing. *Woolley v. Woolley,* 3 Va. App. 337 (1986). In *Wooley,* the trial court faced a factual situation remarkably similar to the instant facts. The husband's mother had contributed $27,500.00 to the down payment on the parties' home. As

---

[1] At oral argument, counsel advised the Court that the real estate agent was making a claim for a commission from the aborted sale to Murray. This Court declines to render an advisory opinion as to which of the parties may be liable to the real estate agent, if the commission is adjudicated to be due and owing.

part of his equitable distribution award, the trial judge declared a constructive trust on the property in favor of the mother in the amount of $27,500.00 plus interest. *Id.* at 340. The Court of Appeals reversed. Relying on the Supreme Court's decision in *Lapidus*, the Court of Appeals held that the trial court did not have jurisdiction to award any relief to the mother as "[a] court's judgment must not exceed its power, nor may the court employ a mode of procedure which is not in accordance with the law." *Id.* at 342. Therefore, to accept Complainant's position would require me to conclude that Judge Roush intended to create a lien without jurisdiction to do so and in contravention of binding authority from the Court of Appeals. *See also, Tiller v. Owen*, 243 Va. 176 (1992) (reversing the trial court's declaration of an equitable lien because the judge failed to state a basis for creating the lien other than finding it to be the "appropriate" remedy in equity).

In addition, a close examination of the language of the final decree belies Plaintiff's contention that an equitable lien was created. Judge Roush decreed that "from the proceeds of the sale of said real property shall be deducted the reasonable expenses of the sale, the payoff of any lien(s) thereon, the $12,500.00 loan from the Plaintiff/Cross-Defendant's father, and that the then remaining net proceeds shall be divided equally between the parties." Final Decree, p. 9. The specific wording of the decree distinguishes between liens on the property and the sum owed to Mr. Willett. Pursuant to Virginia Code § 20-107.3(C), the court "shall also have the authority to apportion and order the payment of the debts of the parties . . . ." The May 5, 1995, decree merely ordered the payment of this debt out of the proceeds of sale.[2]

Accordingly, this Court holds that no equitable lien was created in favor of William Willett on the Property by virtue of the Willetts' divorce decree. Therefore, as Cheryl Willett's liability on the debt to her ex-father-in-law was discharged through the bankruptcy proceedings, she is entitled to half of the proceeds arising from the sale of the Property to William Willett after payment of the reasonable expenses of sale and liquidation of

---

[2] After deciding the issues raised in this motion, I consulted with Judge Roush who advised that this ruling is entirely consistent with her intent from the equitable distribution trial.

all liens on the Property. Defendant is therefore ordered to execute a properly drafted deed conveying the parties' interest in the Property to William Willett within five business days of its presentation to her counsel, provided that the terms of the sale are consistent with the terms of the Murray contract.