**CIRCUIT COURT OF FAIRFAX COUNTY**

Roberta A. Paugh

v.

Robert J. Paugh

July 1, 2002

Case No. C176058

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on the Defendant's Motion to Dismiss the pending suit and to vacate the Court's Order of December 21, 2001. Complainant filed her bill of complaint for divorce on December 20, 2001. As part of her relief she sought to incorporate into a final decree of divorce a November 3, 2000, property settlement agreement of the parties, in which Defendant allegedly agreed to make Complainant the beneficiary of his thrift savings and retirement plans on his death.

On December 21, 2001, the Court entered an agreed order freezing a portion of Defendant's retirement and thrift savings accounts. Defendant died later in the day of December 21, 2001, after the Order was entered. Defendant moves to dismiss the divorce action and vacate the December 21, 2001, order on the grounds that this entire proceeding ends with Defendant's death. While Complainant does not object to dismissal of the divorce aspects of the case, she contends that the Court retains jurisdiction over the Defendant's thrift savings and retirement plans, that the December 21, 2001, order should not be vacated, and that the Court should adjudicate disposition of those funds. Complainant relies on *Sprouse v. Griffin*, 250 Va. 46 (1995), for her position.

I find that *Sprouse* is not controlling here. In *Sprouse*, the parties owned real estate as tenants by the entireties. During the pendency of their divorce action, they sold the property and received the funds as tenants by the

entireties. When they could not agree on a division of the proceeds, the trial court ordered that the funds be held in escrow pending further order of the court. The husband died intestate before a final decree of divorce or any further order concerning the funds was entered. The trial court and the Supreme Court of Virginia (the latter reversing the Court of Appeals) held that the funds retained their characteristics as tenants by the entireties and were the sole property of the wife on the husband's death. The instant case is inapposite. While Complainant may have a contract claim against the Defendant's estate based on the property settlement agreement, this Court has not "created a res" by its December 21, 2001, order, as occurred in *Sprouse*. *Id.*, 250 Va. at 50. There is no basis not to dismiss the divorce proceeding, and no basis for the Court to retain jurisdiction over the thrift savings and retirement plans. Defendant's motion is granted.