COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges McCullough, Decker and Senior Judge Annunziata

MICHAEL KEITH LAMB

MEMORANDUM OPINION[*]

v.     Record No. 2201-14-4                    PER CURIAM
                                               MAY 12, 2015

S. DIANE LAMB

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

(Jeffrey A. Vogelman; Ciara A. Miller; Matthew J. Ling; Anders T.
Sleight; Vogelman, Turner & Wright, P.C., on briefs), for appellant.

(Jennifer A. Mullett; Jennifer A. Bradley; Mullett Dove Meacham &
Bradley, PLLC, on brief), for appellee.


Michael Keith Lamb (husband) appeals an order denying his request to modify his spousal

support obligation to S. Diane Lamb (wife). Husband argues that the trial court erred by (1) holding

that the decrease in husband's income was a material change in circumstances, but did not warrant a

reduction or termination of his spousal support obligation; (2) finding that husband has sufficient

assets and income to continue to pay his spousal support obligation and not considering that wife

received the same assets in equitable distribution and has a high income but is not expected to

invade her estate to support herself; (3) placing an "unduly high burden of proof" on husband to

show that the material change in circumstances warranted a modification of support, especially

considering wife's "high income and substantial wealth;" (4) failing to consider "changes that have

occurred since earlier published decisions were issued (including living in an era, unlike earlier

times, where women often earn high incomes and have substantial wealth of their own) and unduly

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

second guessed [husband] for spending money (holding that against him);" and (5) finding husband's income, but not his ability to pay, decreased. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on September 23, 1989 and divorced on November 18, 2013. The final decree of divorce ordered husband to pay $8,500 per month in spousal support to wife. The trial court based its spousal support award on husband's 2012 income.

On March 28, 2014, husband filed a motion to terminate or reduce his spousal support obligation. He asserted that his 2013 income was "significantly less" than his 2012 income.

On August 13 and 14, 2014, the trial court heard evidence and argument from both parties. Husband testified that his 2013 income was "significantly lower" than his 2012 income. He earned more in 2012 than any year since the business started in 1993. There was conflicting evidence as to whether his 2014 income would be comparable to or less than his 2013 income. The trial court took the case under advisement. On October 15, 2014, the trial court issued its ruling from the bench. The trial court held that there had been a material change in circumstances because husband's income decreased; however, the change did not warrant a modification of support. On November 10, 2014, the trial court entered an order memorializing its ruling. This appeal followed.

ANALYSIS

*Assignments of error #1 and 5*

Husband argues that the trial court erred in finding that although there was a material change in circumstances, it did not warrant a modification of spousal support. He contends his significant reduction in income affected his ability to pay support.

"A trial court is vested with 'broad discretion in deciding whether a material change in circumstances warrants a modification in the amount of support.'" Driscoll v. Hunter, 59 Va. App. 22, 35, 716 S.E.2d 477, 482 (2011) (quoting Reece v. Reece, 22 Va. App. 368, 373, 470 S.E.2d 148, 151 (1996)). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

There is no dispute that a change in circumstances occurred since the entry of the last support order. When the trial court set the spousal support award in 2013, it based husband's income on what he earned in 2012, which was the most profitable year for his company.[1] In

---

[1] In addition to his income earned from his company, husband received his military retirement.

- 3 -

2012, the court found that he earned $896,131 from his company, but in 2013, the trial court found that he earned $540,187.50 from his company. The trial court found that husband experienced a "considerable decrease" in his income, which was a material change in circumstances.

"The crucial question, once a material change in circumstances has been shown, is the 'ability of the supporting spouse to pay.'" Driscoll, 59 Va. App. at 33, 716 S.E.2d at 482 (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)). "The fact that the payor husband may have to draw from other sources, such as the principal of investment or savings accounts, in order to make his spousal support payment does not by itself require the trial court to suspend or reduce his spousal support obligation." Id. at 33-34, 716 S.E.2d at 482.

The parties stipulated that wife's income of approximately $302,462 had not changed materially since the divorce. Her need for support had not changed since the final decree of divorce. Furthermore, the trial court found that "[t]he parties have roughly the same income and assets, and have received the same in equitable distribution."

However, the trial court also commented on husband's ability to pay support. It noted, "Since the divorce, while [husband] was paying spousal support, he was able to go on two cruises, have no credit card debt, bought a new car and boat, and made the discretionary payment to Ms. Beil." In addition, husband "set aside $51,000 for SEP for tax deference." Husband also was eligible to draw his social security, but had chosen not to do so. Furthermore, since the divorce, husband refinanced a mortgage, and by doing so, saved more than $9,000 per month. Husband testified that he had paid all of his expenses, including his spousal support obligation, without invading his assets or depleting his savings.

The trial court found credible testimony from a Certified Public Accountant who found that husband earned $540,188 in 2013 and would likely earn the same in 2014. This same expert

testified husband could earn approximately $100,000 to $150,000 more per year if he performed more of the work himself instead of giving it to his subcontractors. Husband also decided to make his current paramour a partner in his business, paid her considerably more than would be expected for her experience and qualifications, and gave her a bonus of $41,613 for reasons that are unclear. Mr. Lamb testified that his net worth as of March 28, 2014, was $1,779,436 and that he held assets of approximately $1,527,167.

The evidence proved that husband had the ability to pay his spousal support obligation. The trial court did not abuse its discretion in determining that husband's decrease in income was a material change in circumstances, but it did not warrant a modification of spousal support.

*Assignment of error # 2*

Husband argues that the trial court abused its discretion by finding that he had sufficient assets and income to continue to pay $8,500 per month in spousal support. He contends wife has significant assets from which she can support herself; however, husband will be forced to invade his assets if he has to continue paying the current amount of support. He asserts that it is "inequitable" for wife to continue to be able to enjoy the standard of living that they enjoyed during the marriage, but husband is "penalize[d]" for doing the same.

"Spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's ability to pay." Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985).

Contrary to husband's arguments, the trial court did not "penalize" him for his expenses. He did not provide evidence that he was invading his assets to pay spousal support.

The trial court did not err in concluding that wife's needs had not changed, and husband still had the ability to pay spousal support.

*Assignment of error #3*

Husband argues that the trial court erred by placing an "unduly high burden of proof" on him when determining whether the material change in circumstances warranted a modification of support, especially considering wife's "high income and substantial wealth." He contends the trial court did not consider the fluctuations in his income, put too much weight on his post-divorce expenditures, and failed to consider the equal division of the marital assets. Husband reiterates his argument that he should not be forced to deplete his assets to pay support, while wife does not have to invade her assets to support herself.

> With regard to how the court shall fashion an award of spousal support, the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay. Lapidus v. Lapidus, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). The balance must be struck and awards made upon the basis of the circumstances disclosed by the evidence at the time of the award.

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990).

Contrary to husband's arguments, the trial court considered the parties' circumstances at the time of the hearing. It found that husband's income had decreased since the prior court order, but his ability to pay support had not changed. Meanwhile, wife's income and expenses remained essentially the same. The trial court did not implement a higher burden of proof on husband. It examined wife's need for support and husband's ability to pay, as required by the case law. See Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30. As stated above, the evidence supported the trial court's decision to deny husband's motion to modify support.

*Assignment of error #4*

Husband argues that the trial court erred by not considering the changes in spousal support laws over the years, especially since "women often earn high incomes and have substantial wealth of their own," and penalizing husband for spending any money after the

divorce. Husband notes that wife is not like some women who seek support because they are unemployed, sick, or physically disabled. Wife was working, and husband reiterates his argument that wife has sufficient income to support her needs. He repeats that he should not be forced to "drastically reduce his standard of living or deplete his assets," while she continues "to amass wealth."

"Spousal support determinations typically involve fact-specific decisions best left in the 'sound discretion' of the trial court." Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008) (citing McKee v. McKee, 52 Va. App. 482, 489, 664 S.E.2d 505, 509 (2008) (*en banc*)).

As discussed above, the trial court examined the parties' circumstances at the time of the hearing and did not abuse its discretion in denying husband's request to modify support.

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, this Court denies wife's request.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.